Case 34.—PROSECUTION AGAINST J. R. WALKER FOR
FRAUDULENTLY ISSUING WAREHOUSE RECEIPTS.—
October 18.

## Commonwealth v. Walker.

Appeal from Anderson Circuit Court.

L. C. WILLIS, Special Judge.

From a judgment sustaining a demurrer to and dis-
missing the indictment the Commonwealth appeals.
Reversed.

1. Warehousemen—Issuance of Fraudulent Receipts—Indictment—
Sufficiency—An indictment which accuses defendant of fe-
loniously issuing warehouse receipts for whisky as security
for a debt, when the whisky was not actually in the ware-
house and under his control, sufficiently designates the offense
created by Ky. Stats. 1903, sec. 4772, which provides that no
warehouseman shall issue receipts for goods as security,
unless they shall be the property of the warehouseman and
actually in store and under his control.

2. Same—Statutory provisions—Construction—Ky. Stats. 1903,
sec. 2572a, subsec. 6, which provides that no preson
shall issue any warehouse receipts on whisky stored
in a distillery or bonded warehouse, except the distiller,
confines the right to issue warehouse receipts on whisky so
stored to the distiller, while sec. 4772, which provides that
no warehouseman shall issue any receipt for goods as se-
curity, unless the goods shall be the property of the ware-
houseman and actually in store and under his control, pre-
vents any warehouseman, whether a distiller owning a bonded
warehouse in which whisky is stored, or other person owning
a warehouse for storing goods other than whisky, from issuing
a warehouse receipt as security for an indebtedness for
property represented to be in the warehouse when it is
not.

3. Same—Indictment—Sufficiency—An indictment which charges
that defendant is a distiller with a distillery and warehouse
called a "bonded warehouse," and which alleges that he
issued a warehouse receipt for whisky to secure a debt at a

Commonwealth v. Walker.

time when the whisky called for in the receipt was not manufactured and in store and under his control, charges a violation of Ky. Stats. 1903, sec. 4772.

N. B. HAYS, Attorney General, and C. H. MORRIS for appellant.

1. An indictment is sufficient which charges in plain terms that appellee was a distiller with a bonded warehouse; that he issued the receipt for the five barrels of whisky designated by the serial numbers as mentioned in the indictment; that it was to secure the payment of a debt then due and owing to the Winfrede Coal Co.; that the receipt stated and represented that that whisky was then in existence and in distillery bonded warehouse No. 16, Eighth District of Kentucky, and entered into bond and subject to the order of appellee. Such is the substance of the charge, plainly made, and it is clearly charged that said whisky had not been made, did not then exist, and of course was not in the warehouse at the time of the issuance of the receipts. It is plainly charged that these facts were known to appellee. The language of the statute is followed in charging guilty knowledge, and in fraudulent purpose and intention.

2. It is not essential that the indictment should say that he was a "warehouseman," because if he were a "distiller" with a "bonded warehouse," and as such claimed to have the whisky in storage therein, he is included in "other persons," and the rule in Mechanics Trust Co. v. Dandridge, 18 Ky. Law Rep., 625 (in effect that one act of receipting for goods does not contitute a person a warehouseman), does not apply.

AUTHORITIES CITED.

Ky. Stats., sec. 2572a; secs. 4771, 4772, 4775; Mechanics Trust Co. v. Dandridge, 18 Ky. Law Rep., 625; Commonwealth v. Tanner, 68 Ky. (5 Bush), 316; Davis v. Commonwealth, 76 Ky. (13 Bush), 316; Mitchell v. Commonwealth, 10 Ky. Law Rep., 910.

CARROLL & CARTER for appellee.

1. The grounds relied upon in support of said demurrer in the lower court were two, to wit:

a. That the accusatory part of the indictment does not describe offense charged.

b. That the indictment does not charge either a statutory offense or an offense at common law.

2. The indictment was obviously intended to be drawn under sec. 4772, Ky. Stats. To be guilty under this statute it is neces-

sary that the appellee (a) be a warehouseman; (b) that he issue a warehouse receipt or voucher (c) to some person or corporation (d) as security for money loaned or other indebtedness at a time when (e) the whisky so receipted for was not the property of the warehouseman and actually in store and under his control.

### AUTHORITIES CITED.

Ky. Stats., sec. 4772; Criminal Code, sec. 122; Criminal Code, sec. 124; Commonwealth v. Slaughter, 12 Ky. Law Rep., 893; Daviess Gravel Road Co. v. Commonwealth, 14 Ky. Law Rep., 312; Ky. Stats., sec. 4768; White v. Commonwealth, 72 Ky. (9 Bush), 180; Jane v. Commonwealth, 60 Ky. (3 Met.), 18; Commonwealth v. Macuby, 33 Ky. (3 Dana), 70; Commonwealth v. Turner, 8 Bush, 2; Connor v. Commonwealth, 13 Bush, 781; Rambold v. Commonwealth, 111 Ky., 434; Brooks v. Commonwealth, 98 Ky., 143.

OPINION BY JUDGE SETTLE—Reversing.

The appellee was indicted in the circuit court for feloniously issuing a warehouse receipt. The indictment is as follows: "The grand jury of the county of Anderson, in the name and by the authority of the Commonwealth of Kentucky, accuse J. R. Walker of the crime of willfully, knowingly, feloniously and fraudulently issuing whisky warehouse receipts for whisky as security for an indebtedness, when the whisky so receipted for was not at the time actually in store in the warehouse and under his control, committed in manner and form as follows to wit: The said J. R. Walker at the time hereinafter mentioned was a distiller of whisky with a distillery and warehouse known and called bonded warehouse, and said Walker did, in the county of Anderson, on the 20th day of July, 1901, and before the finding of this indictment, unlawfully, willfully, knowingly, fraudulently and feloniously issue, sign and deliver to Winfrede Coal Co., a corporation duly and legally created under the laws of the State of West Virginia, a warehouse receipt for five barrels of whisky,

of the serial numbers 7,619, 7,620, 7,621, 7,622 and 7,623, which said whisky is stated in said warehouse receipt and entered into bond, and was then, as stated, in said warehouse receipt, in distillery bonded warehouse No. 16, Eighth district of Kentucky, subject to the order of said J. R. Walker, and said receipt was issued to said Winfrede Coal Co. to secure it in payment of a debt then due from said Walker, when in fact said J. R. Walker did not have in said distillery bonded warehouse No. 16, Eighth district of Kentucky, the whisky called for and described by serial numbers as hereinbefore stated in said warehouse, as he then well knew, when in truth and in fact there was no whisky of said serial numbers in said warehouse, and said Walker had not at said time manufactured or distilled whisky called for and described in said receipts, and for which said receipts were issued, and said whisky was not actually in store and under his control at said time, against the peace and dignity of the Commonwealth of Kentucky.    R. F. Peake, Commonwealth's Attorney Twelfth Judicial District.''    A demurrer to the indictment was sustained by the court, and the indictment dismissed. From the judgment thus disposing of the indictment, the Commonwealth has appealed.

It is said the demurrer was sustained upon two grounds: First, that the accusatory part of the indictment does not sufficiently describe the offense attempted to be charged; secondly, that the indictment does not charge either a statutory or common-law offense.    We think the accusatory part of the indictment is sufficiently direct and certain as to the description of the offense charged.    The offense is one created by statute.    The statute does not give it a specific name.    Therefore it was only necessary for the indictment to designate it by a brief general

description in language of the same or like meaning to that found in the statute, and this was done.

We are also of opinion that the indictment charges a statutory offense, viz., the offense denounced by sec. 4772, Ky. Stats. 1903, which provides: "No warehouseman, or other person, shall issue any receipt or voucher upon or for any goods, wares, merchandise, produce, commodity, property or other thing of any description or character whatever, to any person or corporation, as security for any money loaned, or other indebtedness, unless such goods, wares, merchandise, produce, commodity, property or other thing so receipted for shall be, at the time of the issuing of such receipt, or voucher, the property of the warehouseman, and actually in store and under his control, and if there be a lien on the property then the character and extent of the lien shall be fully set forth and explained in the receipt or voucher."

Sec. 4775 provides that a warehouseman or other person convicted under section 4772 shall be fined in any sum not exceeding $5,000, or imprisoned in the penitentiary not less than two nor more than five years, in the discretion of the jury, and in addition gives to any person aggrieved by a violation of the provisions of the statute a right of action against the offender for the damages thereby sustained.

It is contended by counsel for appellee that he is not a warehouseman in the meaning of the statute, supra, or so entitled in the indictment, and he can not therefore be proceeded against or punished for a violation of the provisions of the statute. We do not accept this view, for we can perceive no reason for holding that a distiller may not be a warehouseman. A distillery is rarely, if ever, conducted without a bonded warehouse for the storing of whisky,

and the distiller, who, for that purpose, owns or conducts such a warehouse in connection with his distillery, is as much a warehouseman as the owner of a warehouse used for storing goods or merchandise other than whisky. The indictment avers that appellee is a distiller "with a distillery and warehouse known and commonly called bonded warehouse." This language in terms and effect means and charges that he, as a distiller, owns and conducts a warehouse, as well as a distillery. The indictment, therefore describes him as a warehouseman, though it does not specifically name him as such.

Sec. 2572a, Ky. Stats. 1903, defines the word "distiller," and subsection 6 thereof recognizes him in the capacity of a warehouseman, and authorizes him to issue warehouse receipts; for it provides "that no person, firm or corporation shall issue or sign any warehouse receipt, or substitute for such receipt on whisky stored in a distillery or bonded warehouse in this Commonwealth, except the distiller, and any person other than the actual owner and operator of a distillery, who shall issue or sign any warehouse receipt or substitute therefor in violation of sec. 2 of this act shall be guilty of a felony, and, upon indictment and conviction, be confined in the penitentiary for a period of time not less than two nor more than ten years, in the discretion of the jury." It will be seen that the statute last quoted confines the right to issue warehouse receipts or substitutes therefor, on whisky stored in a distillery bonded warehouse, to the distiller; but sec. 4772 was intended to prevent any warehouseman, whether a distiller owning a bonded warehouse in which whisky is wont to be stored, or other person owning a warehouse used for storing goods or merchandise other than whisky, from issuing a warehouse receipt as security

for a loan or other indebtedness, upon or for property purporting or represented to be in his warehouse, when in fact it is not there, as is charged in the indictment in the case at bar.

We are of opinion that the indictment, in apt language and with sufficient certainty, charges appellee with an offense under the statute in question. Wherefore the judgment is reversed, and case remanded, with directions to the lower court to overrule the demurrer to the indictment and for further proceedings consistent with the opinion.